UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOI RICHARDS,
*f.k.a.* JOI JENNINGS,

        Plaintiffs,

v.

LAKE MICHIGAN CREDIT UNION,
CRAIG SAPELAK, DENISE BUSBY,
ALEX CLAYSON, SARA HENDRICKS,
and BECKY BELD,

        Defendants.
_____/

Case No. 2:18-cv-12189
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**ORDER DEEMING MOOT IN PART and GRANTING AS UNOPPOSED IN PART DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER AND TO COMPEL PLAINTIFF'S ANSWERS TO DEFENDANTS' DISCOVERY REQUESTS (DE 9) and CANCELLING HEARING NOTICED FOR FEBRUARY 20, 2019 (DE 13)**

Plaintiff filed this lawsuit, via counsel, on July 12, 2018. The allegations underlying her complaint span the period from the February 15, 2016 beginning of her career through her April 26, 2017 termination. (DE 1 ¶¶ 29-222.) Plaintiff sets forth the following causes of action: **(1)** violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*.; **(2)** violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981; **(3)** violation of the Elliot-Larson Civil Rights Act, Mich. Comp. Laws §§ 37.2101, *et seq*.; **(4)** business defamation; **(5)** intentional infliction of

emotional distress; and, **(6)** negligent infliction of emotional distress.  (DE 1 ¶¶ 223-264.)

Currently before the Court is Defendants' January 3, 2019 motion for entry of a protective order and to compel Plaintiff's answers to Defendants' discovery requests.  (DE 9.)  Judge Drain referred this motion to me for hearing and determination, and a hearing was noticed for February 20, 2019 at 10:00 a.m.  (DEs 10, 13.)

Recently, Judge Drain entered a stipulated protective order regarding discovery and a stipulated order to extend the fact discovery deadline from March 15, 2019 to May 15, 2019.  (DEs 15, 16.)  Because the "stipulated protective order regarding discovery" that is attached to the instant motion mirrors the one already filed by the Court (*compare* DE 9-1, DE 15), Defendants' motion is **DEEMED MOOT** to the extent it seeks entry of a protective order (DE 9 at 4 ¶ A).[1]

However, Defendants' motion is **GRANTED AS UNOPPOSED** to the extent it seeks entry of an order pursuant to Fed. R. Civ. P. 37(a)(3) compelling discovery responses (DE 9 at 4 ¶ B).  The local court rules of the Eastern District of Michigan required Plaintiff to file a response if she wished to oppose

---

[1] Given Defendants' assertion that Plaintiff's September 13, 2018 interrogatories "contained over 225 subparts . . . [,]" (DE 9 at 2 ¶ 5), the parties are hereby put on notice that Fed. R. Civ. P. 33 sets the limit on written interrogatories to 25, "including all discrete subparts."  Fed. R. Civ. P. 33(a)(1).

2

Defendants' motion. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.") (emphasis added). In addition, any response by Plaintiff to Defendants' January 3, 2019 motion was due on or about January 17, 2019. E.D. Mich. LR 7.1(e)(2)(B) ("A response to a nondispositive motion must be filed within 14 days after service of the motion."). Because Plaintiff did not timely respond to Defendants' motion, Defendants' motion can and will be construed as unopposed. Accordingly, no later than **Friday, March 1, 2019**, Plaintiff shall serve defense counsel with full and complete answers to Defendants' September 25, 2018 First Set of Interrogatories and First Request for Production of Documents.[2] ==APP: I phrased this relief as Defendants did in their Exhibit E (*see* DE 9-5 at 4).==Finally, the hearing noticed for February 20, 2019 (DE 13) is **CANCELLED**.

---

[2] It appears Defendants intended to attach copies of these discovery requests to their motion, presumably as Exhibits F and G. (DE 9 at 10, Index of Exhibits.) However, these were not attached to the motion. Accordingly, the parties are hereby notified that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2 ("Form of Discovery Motions").

**IT IS SO ORDERED.**

Dated: February 13, 2019      s/*Anthony P. Patti*
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 13, 2019, electronically and/or by U.S. Mail.


                              s/Michael Williams
                              Case Manger to the
                              Honorable Anthony P. Patti